# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60791
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2018

Lyle W. Cayce
Clerk

MARIA MACCART TACAM-GARCIA; MARGARITA ANGELA AGUILAR-TACAM,

Petitioners

v.

MATTHEW G. WHITAKER, ACTING U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 182 362
BIA No. A202 182 364

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Maria Maccart Tacam-Garcia, acting on behalf of herself and her minor daughter, seeks review of the dismissal by the Board of Immigrations Appeals (BIA) of their appeal from the denial of their applications for asylum, withholding of removal and protection under the Convention Against Torture (CAT). Tacam asserts she has established entitlement to relief from removal

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60791

based on her husband's acts of domestic violence in her native country of Guatemala.

Petitioners' brief, however, addresses only the denial of asylum; in other words, it contains no contentions challenging the denial of withholding of removal and protection under CAT.  Accordingly, petitioners have abandoned any challenge to the denial of those two applications.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (citation omitted).

The BIA's findings of fact, including whether an alien is eligible for asylum, are reviewed for substantial evidence.  *Zhang v. Gonzales*, 432 F.3d 339, 343–44 (5th Cir. 2005).  "Under substantial evidence review, this court may not reverse the BIA's factual findings unless the evidence compels it." *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009) (citations omitted).

Tacam relies on *Matter of A-R-C-G-*, 26 I. & N. Dec. 388, 389 (BIA 2014), in claiming she is a member of the particular social group of married Guatemalan women who are unable to leave their relationships.  In *Matter of A-B-*, 27 I. & N. Dec. 316, 317, 340 (U.S. Att'y Gen. 2018), however, the Attorney General expressly overruled *A-R-C-G-* and concluded the claimed particular social group was not cognizable for asylum purposes.  In any event, even if it is assumed that Tacam is a member of a particular social group cognizable under 8 U.S.C. § 1101(a)(42)(A), she has failed to satisfy the remaining statutory requirements for asylum.  *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

Tacam fails to assert in this petition for review, and has thereby abandoned, any contention the alleged persecution by her husband was "on account of" her membership in a particular social group.  *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014); *see Soadjede*, 324 F.3d at 833.  In the alternative, Tacam has failed to show the alleged persecution was inflicted by the

No. 17-60791

Guatemalan government or "forces that [the] government is unable or unwilling to control". *See Tesfamichael*, 469 F.3d at 113 (citing 8 C.F.R. § 1208.13(b)(1)). While Tacam points to record evidence indicating the Guatemalan authorities were ineffective in some respects, the BIA's decision recounted several instances in the record showing Tacam sought and received help from Guatemalan police and courts. Petitioners have, therefore, failed to establish the evidence compels a reversal of the BIA's factual determination that the Guatemalan government was not unable or unwilling to control the alleged persecution of Tacam by her husband. *See Wang*, 569 F.3d at 536–37; *Tesfamichael*, 469 F.3d at 113.

　　DENIED.

Judge Dennis concurs in the judgment only.